1  LOUIS A. LEONE (SBN: 099874)
   CLAUDIA LEED (SBN: 122676)
2  ALLISON ROSS (SBN: 214962)
3  **STUBBS & LEONE**
   A Professional Corporation
4  2175 N. California Blvd., Suite 900
   Walnut Creek, CA  94596
5  Telephone:     (925) 974-8600
6  Facsimile:     (925) 974-8601
   Email:  leonel@stubbsleone.com
7  Email:  leedc@stubbsleone.com
   Email:  aross@stubbsleone.com
8
9  Attorneys for Defendants
   CITY OF SAN MATEO, LARRY PATTERSON and
10 HOWARD CIN

11                  UNITED STATES DISTRICT COURT
12              FOR THE NORTHERN DISTRICT OF CALIFORNIA
13                          (SAN FRANCISCO)
14

| | |
|---|---|
| CARLOS MASSEY, an individual,<br><br>　　　　Plaintiff,<br>vs.<br><br>CITY OF SAN MATEO, a municipal corporation, CITY OF SAN MATEO DEPARTMENT OF PUBLIC WORKS, a municipal corporation, LARRY PATTERSON, an individual, and sued herein in his official capacity as Director of Public Works for the City of San Mateo, HOWARD CIN, an individual and sued herein in his official capacity as Supervisor Grade III, AND DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.:   CV 11-4222 RS<br><br>**STIPULATION FOR PROTECTIVE ORDER; ORDER** |

STIPULATION FOR PROTECTIVE ORDER; ORDER (CV 11-4222 RS)

1

IT IS STIPULATED by the parties that the Court may enter the following protective order:

IT IS ORDERED that:

1. "Supplying Party" as used herein, means a party or non-party that designates information, testimony or items that it produces in documents or in responses to discovery, as "Confidential".

2. "CONFIDENTIAL information," as used herein, means any type or classification of information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards governing any person's rights to privacy under the U.S. Constitution, federal law, California Constitution, Article I, Section 1, California state law, and applicable case law, or standards governing the disclosure of personnel records.

3. With respect to CONFIDENTIAL information, "qualified persons" means (i) all counsel of record engaged in the preparation for trial of this proceeding for the parties, which term includes partners, associate attorneys, of counsel, paralegals and stenographic and clerical employees assisting such counsel, (ii) experts or consultants who are assisting counsel in the preparation of this proceeding for trial, or analyzing the facts of this matter, (iii) the parties themselves, or in the case where the parties are public entities, governing boards, employees and council members of the parties who are, in the opinion of counsel of record for the public entities, necessary to assist counsel directly in the preparation of this case, and (iv) the Court and the Court personnel.

4. Any CONFIDENTIAL information supplied in written or documentary form shall be labeled by the supplying party (or in the case of records produced by third parties, any party) "CONFIDENTIAL." When CONFIDENTIAL information is contained or is incorporated in a deposition transcript, arrangements shall be made with the reporter to bind the CONFIDENTIAL portions of the transcript separately and label it CONFIDENTIAL.

5. Prior to trial, any information designated CONFIDENTIAL information shall be made available only to qualified persons who shall have read this Order and who shall agree to be bound by the terms thereof and who shall agree to maintain said information in

confidence and not to use or reveal the same to anyone other than a qualified person and not to use the same except in connection with the trial or preparation for trial of this proceeding, provided that nothing shall prevent disclosure beyond the terms of this Order if the supplying party claiming confidentiality consents in writing to such disclosure, or the Court so orders. CONFIDENTIAL information shall be used only for purposes of preparing for and trying this action and for no other purpose.

6. All documents or testimony containing CONFIDENTIAL information shall be marked "Confidential".

7. All documents or testimony containing CONFIDENTIAL information and notes or other records regarding the contents thereof shall be maintained in the custody of counsel of record for the parties, and no partial or complete copies thereof shall be retained by anyone else.

8. All documents or testimony containing CONFIDENTIAL information which are filed in the action shall not be filed with the Court maintaining jurisdiction in this action, United States District Court for the Northern District of California, unless and until the party seeking to file the CONFIDENTIAL records seeks and obtains an order sealing those records in accordance with Local Rule 79-5 and General Order 62. If the Court issues an order sealing the records, the party filing CONFIDENTIAL records under seal shall follow all of the procedures outlined in Local Rule 79-5 and General Order 62, for the filing and/or lodging of such sealed and/or redacted records and the return of the same. If the Court determines the records must be filed publicly, the parties will follow the Court's order.

9. Upon final termination of this action, the parties shall assemble and return to each supplying person all documentary material or memoranda embodying information designated "CONFIDENTIAL", except that any such documents or copies on which any notes or other attorney's work product has been placed by counsel for the receiving party may be destroyed rather than returned.

10. Upon notice to the supplying party of the intention of counsel for another party to disclose information subject to any part of this Order on the public record, the supplying

party shall within ten (10) days after receiving such notice state whether it objects. In the event that objection is made, counsel for the party desiring to make disclosure or reclassification and the supplying party shall make a good faith effort to resolve the matter. Failing such resolution, the party objecting to disclosure or reclassification shall make a motion to sustain the objection on normal notice. Said notice shall be filed within twenty (20) days after receipt of the notice of intention to reclassify or disclose as described above. The information in controversy shall not be disclosed or reclassified prior to trial until the Court enters its order on said motion. Nothing in this Order shall be construed to deprive the public or the parties of a public trial, or access to records governed by the Public Records Act, (Cal. Gov't Code §§ 6250 - 6276.48) or the Freedom of Information Act.

11. As used herein, the term "information" includes documents of every kind and all extracts therefrom and summaries thereof.

12. <u>Challenging Confidentiality Designations:</u>

(a) *Timing of Challenges*. Unless a prompt challenge to a supplying party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) *Meet and Confer*. A party that elects to initiate a challenge to a supplying party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the supplying party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the supplying party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first. Said meet and confer process shall be completed within fourteen (14) days of the confidentiality designation being served.

      (c) *Judicial Intervention.* A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the supplying party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the moving party has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the supplying party in the meet and confer dialogue. Each such motion must also comply with Local Rule 7. The burden of persuasion in any such challenge proceeding shall be on the supplying party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the supplying party's designation. Any such motion shall be filed within fourteen (14) days after the meet and confer process ends.

Dated: January 27, 2012     **STUBBS & LEONE**

_____
LOUIS A. LEONE, ESQ.
CLAUDIA LEED, ESQ.
ALLISON ROSS, ESQ.
Attorneys for Defendants

Dated: January 27, 2012     **HILLIARD & PORRINO**

_____
BRIAN K. HILLIARD, ESQ.
Attorneys for Plaintiffs

## ORDER

      IT IS SO ORDERED that the foregoing Protective Order is hereby made the express order of the Court.

Dated: 1/30, 2012

_____
The Honorable Richard Seeborg
UNITED STATES DISTRICT JUDGE

STIPULATION FOR PROTECTIVE ORDER; ORDER (CV 11-4222 RS)